UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUSLAN BLAJEI,

    Plaintiff,

v.

FORD MOTOR COMPANY,

    Defendant.
                                          /

Case No. 09-cv-13595

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING, IN PART, DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT** (docket no. 8) **AND DENYING
AS MOOT DEFENDANT'S MOTION FOR EXTENSION OF TIME** (docket no. 10)

    This is an employment matter that began in Wayne County Circuit Court and was later removed on the basis of federal question jurisdiction and supplemental jurisdiction. The complaint alleges that defendant Ford Motor Company ("Ford") violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, as well as Michigan's Persons With Disabilities Civil Rights Act ("PWDCRA"), Mich. Comp. Laws § 37.1101, *et seq.* Discovery is over and Ford has moved for summary judgment on all claims. A hearing is not necessary and the Court will decide the motion on the papers. *See* E.D. Mich. LR 7.1(f)(2).

    Plaintiff concedes that his ADA claim lacks merit because he failed to exhaust his administrative remedies before filing suit. Pl. Resp. Br. at 4; *see also* Blajei dep. 101. A plaintiff bringing an ADA claim must first file an administrative charge with the Equal Employment Opportunity Commission or the Michigan Department of Civil Rights regarding the alleged violation. *See* 42 U.S.C. §§ 12117(a); 42 U.S.C. § 2000e-5(b), (e) and (f). Ford is entitled to summary judgment on the ADA claim.

Plaintiff's remaining claims[1] alleging violations of the PWDCRA (counts 1 and 2) will be dismissed, without prejudice, for lack of subject matter jurisdiction. Ford claims this Court has jurisdiction over the claims by virtue of supplemental jurisdiction, 28 U.S.C. § 1367. 28 U.S.C. § 1367(c) provides that district courts may decline to exercise supplemental jurisdiction over a claim when:

    1) the claim raises a novel or complex issue of State law;

    2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

    3) the district court has dismissed all claims over which it has original jurisdiction, or

    4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

As the Sixth Circuit has noted repeatedly, a federal court should typically decline to exercise supplemental jurisdiction over a plaintiff's state law claims after dismissing all federal claims. *See, e.g.*, *Brown v. Cassens Transport Co.*, 546 F.3d 347, 363 (6th Cir. 2008); *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007)*; Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). "Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Moon*, 465 F.3d at 728 (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993)). In ordinary cases the exercise of residual jurisdiction is improper. *Id.* Principles of comity between state and federal jurisdictions are implicated when a federal

---

[1] Plaintiff also asserted a claim for wrongful discharge in violation of Michigan's public policy (count 3), but later stipulated to its dismissal with prejudice. *See* docket no. 11.

court needlessly decides state law questions after all federal issues have been dismissed. *Farris*, 503 F.3d at 521.

The Court concludes that the interests of judicial economy and federal-state comity outweigh the concern over needlessly deciding Plaintiff's state law claims. The Court finds this case to be an ordinary one in which the Court should abstain from adjudicating the state law claims. *See, e.g.*, *Claspell v. Denso Mfg. Mich., Inc.*, No. 5:97-CV-69, 1998 WL 480875, at *9 (W.D. Mich. June 26, 1998) (granting summary judgment on ADA claim and declining to exercise supplemental jurisdiction over state law claim, stating "Although discovery has been completed and the case has progressed substantially, the Court finds no compelling reason to deviate from the general rule by retaining jurisdiction over [Plaintiff's] state law claims."); *Hendrixson v. BASF Const. Chems., LLC,* No. 1:07-cv-512, 2008 WL 3915156, at *19-20 (W.D. Mich. Aug. 20, 2008) (granting summary judgment on ADA claim and declining to exercise supplemental jurisdiction over PWDCRA claim); *see also Allen v. City of Sturgis*, 559 F. Supp. 2d 837, 852 (W.D. Mich. 2008) (granting summary judgment on FMLA claims and declining to exercise jurisdiction over PWDCRA claim); *Amidon v. Michigan*, No. 04-75003, 2008 WL 723536, at *18, n.14 (E.D. Mich. Mar. 17, 2008) (dismissing ADA claim on exhaustion grounds and declining to exercise supplemental jurisdiction over PWDCRA claim).

The Court notes that the matter should progress quickly if Plaintiff chooses to re-file his claim in state court. Neither party moved to extend the discovery period in this case, so it is likely that no further discovery in a subsequent state case will be necessary. Ford may renew its motion for summary judgment on Plaintiff's PWDCRA claim in state court, and the case will be in the same procedural posture it was in here before the action was dismissed.

**WHEREFORE** it is hereby **ORDERED** that Defendant's motion for summary judgment (docket no. 8) is **GRANTED in part**. Defendant is entitled to judgment on Plaintiff's Americans with Disabilities Act claim (count 4).

**IT IS FURTHER ORDERED** that the remainder of the action (counts 1 and 2) is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Defendant's motion for extension of time to file a reply brief (docket no. 10) is **DENIED** as moot.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 8, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 8, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager